# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

GERSON VLADIMIR GARCIA
RODRIGUEZ,

      Petitioner,

   v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER, et al.,

      Respondents.

5:26-cv-522

## ORDER

Petitioner filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus that raises the same claim and seeks the same relief as the Petitioners in the Villa consolidated cases, Case Number 5:25-cv-89. The Court directed service of the Petition and directed Respondent to show cause why this Petitioner is not entitled to the same relief as the Villa consolidated Petitioners. The Warden-Respondent filed his Response. The Warden-Respondent acknowledges that Petitioner raises a challenge similar to the Villa Petitioners' claims and concedes that, if the Court adheres to the reasoning in Villa, the same reasoning controls the outcome in this case. The Warden-Respondent asks for seven (7) days to arrange an individualized bond hearing. Dkt. No. 4 at 7.

The Court finds that Petitioner asserts a claim that is sufficiently similar to the claim in <u>Villa</u> and the reasoning in <u>Villa</u> applies here, at least as to a portion of Petitioner's claim. Petitioner falls in the category of those detainees who have been improperly detained under 8 U.S.C. § 1225(b)(2)(A) based on the Board of Immigration Appeals' ("BIA") decision in <u>Matter of Yajure Hurtado</u>. Petitioner is, at a minimum, subject to discretionary detention under 8 U.S.C. § 1226(a). Under § 1226(a), Petitioner is entitled to an individualized bond hearing and has asked for a bond hearing as interim relief. Thus, the Court **GRANTS** the portion of the Petition seeking a determination of whether Petitioner is properly detained under § 1225(b). The Court **ORDERS** the Warden-Respondent to provide Petitioner with an individualized bond hearing, as § 1226(a) requires, within seven (7) days of this Order. The Court **DIRECTS** the Warden-Respondent to comply with the immigration judge's conclusions in that bond hearing.

Petitioner, however, also seeks a determination that he should not be detained at all, contending that his arrest and detention were entirely unlawful. Consequently, Petitioner contends that he is not merely entitled to an individualized bond hearing under § 1226(a); rather, Petitioner asserts he should be immediately released from custody. Because Respondent concedes that under <u>Villa</u>, Petitioner in this case would receive a bond hearing, I order Respondent to provide that hearing. But I do

not, at this time, rule on Petitioner's contention that he should be immediately released from custody.  That portion of the Petition remains pending and unresolved.  The Magistrate Judge will consider the parties' positions on this request in the first instance.

SO ORDERED, this __30__ day of April, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3